Filed 8/23/22  P. v. Bracamontes CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL BRACAMONTES,<br><br>      Defendant and Appellant. | B311468<br><br>(Los Angeles County<br>Super. Ct. No. BA224202) |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge. Reversed and remanded.

Law Office of Helen Hoeffel and Helen Hoeffel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Blythe J. Leszkay and Theresa A.

Patterson, Deputy Attorneys General, for Plaintiff and
Respondent.

_____

Defendant and appellant Miguel Bracamontes appeals from
the superior court's order rejecting the recommendation of the
Secretary of the California Department of Corrections and
Rehabilitation (CDCR) under former Penal Code section 1170,
subdivision (d)(1) (Pen. Code, § 1172.1),[1] that the court recall
Bracamontes's sentence based upon an amendment to section
12022.53, which gives trial courts discretion to strike or dismiss
gun enhancements, and to resentence him.[2]

The amendments to former section 1170, subdivision (d)(1),
specify the procedural protections that must be afforded to a
defendant that the CDCR has recommended for resentencing and
instruct courts that there shall be a presumption in favor of recall
and resentencing of the defendant. (§ 1172.1, subds. (a)(6), (8) &
(b)(1)–(2).) Bracamontes contends that the amendments are
ameliorative changes in the law, and should therefore apply to
his case retroactively under *In re Estrada* (1965) 63 Cal.2d 740

_____

[1] Effective January 1, 2022, Assembly Bill No. 1540 (2021-
2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1–7) (Assembly Bill
1540) amended the recall provisions in section 1170, subdivision
(d)(1), and moved them to new section 1170.03. Effective June
30, 2022, section 1170.03 was renumbered section 1172.1, with no
change in text (Stats. 2022, ch. 58, § 9).

[2] All further statutory references are to the Penal Code
unless otherwise indicated.

(*Estrada*).[3]  He urges us to remand the matter to the superior court to conduct proceedings in accordance with section 1172.1.

The People agree that the case should be remanded, but only because it is in the interests of judicial economy to do so; the People do not concede that section 1172.1 applies retroactively. The People assert that we need not address Bracamontes's substantive arguments regarding retroactivity if we remand for the sake of efficiency.

We need not reach the question of whether section 1172.1 is retroactive under *Estrada*.  Although section 1172.1 does not expressly address whether the statutory amendments are to be applied to a pending appeal of an order rejecting a recommendation, the clear implication of the uncodified provisions of Assembly Bill 1540 is that the Legislature intended the bill's changes to apply retroactively.  We therefore reverse the superior court's order and remand the matter for further proceedings.

## PROCEDURAL HISTORY

In 2002, a jury found Bracamontes guilty of second degree robbery (§ 211 [count 1]) and attempted robbery (§§ 211/664 [count 2]).  With respect to the robbery count, the jury found true a great bodily injury enhancement.  (§ 12022.7, subd. (a).)  As to both counts, the jury found true firearm use allegations. (§ 12022.53, subd. (b).)  The court found true the allegations that Bracamontes had suffered a prior strike (§§ 667, subds. (b)–(i),

---

[3] Bracamontes makes several other contentions that we do not address in light of our disposition.

1170.12 (a)–(d)) and a prior serious felony (§ 667, subd. (a)), and served a prior prison term (§ 667.5, subd. (b)).

The court sentenced Bracamontes to a total term of 33 years 8 months. In count 1, the court imposed the upper term of 5 years, doubled to 10 years under the three strikes law, plus 10 years for the firearm enhancement, plus 3 years for the great bodily injury enhancement. In count 2, the court imposed a sentence of 1 year 4 months (one-third the midterm), plus 3 years 4 months for the firearm enhancement (one-third of the 10-year term). The trial court additionally imposed a term of 5 years for the serious felony enhancement and a term of 1 year for the prior prison term enhancement.[4]

In 2021, the CDCR sent a letter to the superior court recommending recall and resentencing under former section 1170, subdivision (d)(1), in light of Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, effective Jan. 1, 2018), which amended section 12022.53 to give courts the discretion to strike or dismiss firearm enhancements pursuant to section 1385 in the interests of justice.

The superior court did not provide Bracamontes with notice of the request, hold a hearing, or appoint counsel. The superior court denied the request without prejudice in a written order stating that the court had "applied the sentencing rules set forth by the Judicial Council, including aggravating and mitigating factors regarding the commitment offense, as well as a consideration of post-conviction factors provided by the Department of Corrections. The court has considered the

---

[4] In 2018, in response to a letter from the CDCR, the court prepared an amended abstract of judgment to reflect that the firearm enhancement in count 2 was imposed under section 12022.53, subdivision (b).

4

following facts in aggravation: (1) the inmate was an adult at the time of the offense and worked together with four others to commit the commitment offense; (2) inmate and each of the other people involved were armed with a gun and used it to threaten the victims during the course of the robbery; (3) petitioner struck one victim in the face with the firearm and kicked the victim in the head as he lay on the floor at gunpoint causing the victim to lose consciousness, and thus inflicting great bodily injury upon the victim; (4) petitioner has an extensive prior criminal record, including other robbery convictions." The court also considered post-conviction factors including disciplinary actions and participation in rehabilitative programming. Based on the serious nature of the commitment offenses and Bracamontes's prior violent criminal history, the court declined to resentence him.

## DISCUSSION

At the time that the trial court sentenced Bracamontes, former section 1170, subdivision (d)(1), provided, in pertinent part: "[The trial court may] . . . at any time upon the recommendation of the secretary or the Board of Parole Hearings . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment

5

and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. . . ."

Assembly Bill 1540, which amended former section 1170, subdivision (d)(1), and moved it to a new Penal Code section, went into effect on January 1, 2022, while Bracamontes's appeal was pending. New section 1172.1 requires that the superior court, upon a recommendation for recall and resentencing by the CDCR or specified entities, provide notice of the recommendation, appoint counsel for the defendant, hold a hearing, and state on the record the reasons for its decision to grant or deny recall and resentencing. (§ 1172.1, subds. (a)(1), (6), (8) & (b)(1).) Additionally, there is now "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) Section 1172.1 does not expressly state whether these amendments apply retroactively, or prospectively only.

"'The Legislature ordinarily makes laws that will apply to events that will occur in the future. Accordingly, there is a presumption that laws [and statutory amendments] apply prospectively rather than retroactively. But this presumption

6

against retroactivity is a canon of statutory interpretation rather than a constitutional mandate. [Citation.] Therefore, the Legislature can ordinarily enact laws [or amendments] that apply retroactively, either explicitly or by implication. [Citation.] In order to determine if [an amendment] is meant to apply retroactively, the role of a court is to determine the intent of the Legislature. . . . [Citation.]' [Citation.]" (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307.) When, as here, the Legislature has not explicitly stated whether [an amendment] is retroactive, we look to rules of statutory construction to discern legislative intent. (*Ibid*.) If nothing in the statute itself supports the conclusion that the Legislature intended an amendment to apply prospectively only, courts may look to other sources of information, including the stated purposes of the statute. (*Id*. at p. 309.)

There is no indication in section 1172.1 that the Legislature intended the statutory amendments to apply prospectively only, so we may look to other sources. Here, the Legislature's explanation of its reasons for enacting the legislation, contained in an uncodified provision of Assembly Bill 1540, lead us to conclude that the new provisions in section 1172.1 must be applied to pending appeals of orders rejecting recommendations made pursuant to the statute. Chief among these reasons is that the recommending law enforcement agencies "devote significant time, analysis, and scrutiny to each referral that they make[,]" and that "[i]t is the intent of the Legislature for judges to recognize the scrutiny that has already been brought to these referrals by the referring entity, and to ensure that each referral be granted the court's consideration[.] . . ." (Stats. 2021, ch. 719, § 1 (g)–(h).) The clear implication of these statements is that, in

light of the scrutiny that law enforcement agencies are exercising, it is highly probable that resentencing is appropriate, and, in fact, the Legislature has created a presumption in favor of that result.

The uncodified provisions go on to state that "[i]t is the intent of the Legislature that resentencing proceedings pursuant to Section [1172.1] of the Penal Code apply ameliorative laws passed by this body that reduce sentences or provide for judicial discretion, *regardless of the date of the offense or conviction*." (Stats. 2021, ch. 719, § 1 (i) [Italics added].) While this statement does not speak directly to the intent to apply the new procedures and the presumption in favor of resentencing retroactively, it unmistakably expresses the intent that relief be applied as broadly as possible, irrespective of the date of conviction.

In sum, the Legislature has indicated that the defendants whom law enforcement agencies have recommended for resentencing (1) are very likely to deserve the benefits of ameliorative laws that will reduce their sentences or authorize courts with discretion to do so, and (2) are to receive the benefit of those ameliorative laws regardless of whether those laws had been passed at the time of their conviction or offense. It would be counterintuitive to restrict section 1172.1 to a prospective application where the Legislature has expressed a belief that the cases presented for resentencing deserve the careful consideration by the courts that the enacted procedural protections will ensure, and that the opportunity to be resentenced should be available to all who meet the criteria in a recommending law enforcement agency's view, regardless of when relief became available in the individual case. Accordingly, we conclude that the Legislature intended for the amendments to

8

former section 1170, subdivision (d)(1), to apply to appeals of orders denying section 1172.1 petitions that are still pending at the time of the amendments' enactment, including Bracamontes's.

## DISPOSITION

The superior court's order declining to follow the CDCR's recommendation for recall and resentencing is reversed. The matter is remanded to the superior court for the court to reconsider the CDCR's recommendation and exercise its discretion under section 1172.1 whether to recall and resentence Bracamontes. On remand, the court is to provide Bracamontes with all procedural protections afforded under section 1172.1, and to evaluate the CDCR's recommendation in light of the presumption in favor of resentencing.

MOOR, J.

We concur:

BAKER, Acting P. J.

KIM, J.

9